## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF CONNECTICUT
### HARTFORD DIVISION

| | |
|---|---|
| In re: | Chapter 13 |
| Sandra Vogel Caldrello, | Case No. 24-20209 (JJT) |
| Debtor. | Re: ECF Nos. 14, 15, 21 |

### MEMORANDUM OF DECISION AND ORDER
### DISMISSING CHAPTER 13 CASE WITH PREJUDICE

Before the Court is the Court's Order to Show Cause ("Order," ECF No. 15), which was issued on April 5, 2024 after Wells Fargo Bank, N.A. ("Wells Fargo") moved this Court for such an order the prior day (ECF No. 14). In the Order, the Court ordered the Debtor "to show cause as to why she should not be sanctioned, including but not limited to the dismissal of this Chapter 13 case with a two-year bar to refiling for bankruptcy protection, based upon bad faith and abuse of the bankruptcy process in filing this case[.]" Per the Order, the Debtor, Sandra Vogel Caldrello ("Debtor"), filed a response on April 15, 2024. A hearing was held on the Order on April 18, 2024, at which appeared the Debtor, the Chapter 13 Trustee, and counsel for Wells Fargo.[1] The Court then took the matter under advisement. For the reasons that follow, the Court dismisses this bankruptcy case with prejudice.

I.      Background

Over eleven years ago, Wells Fargo commenced a foreclosure action against

---

[1] Besides hearing from the Debtor, the Chapter 13 Trustee, and counsel for Wells Fargo, the Court also heard testimony from Joseph Caldrello, the Debtor's husband.

the Debtor in the Connecticut Superior Court, Judicial District of New London. *Wells Fargo Bank, N.A. v. Caldrello*, No. KNL-CV-12-6014902-S, Complaint (Conn. Super. Ct. Sept. 18, 2012). On September 11, 2017, the Superior Court entered a judgment of strict foreclosure against the Debtor. *Id.*, Dkt. No. 372.00. The Debtor appealed the Superior Court's judgment to the Connecticut Appellate Court, which affirmed and remanded to set a new law day. *Wells Fargo Bank, N.A. v. Caldrello*, 192 Conn. App. 1, 35, 219 A.3d 858, 878 (2019). The Connecticut Supreme Court then denied certification. *Wells Fargo Bank, N.A. v. Caldrello*, 334 Conn. 905, 220 A.3d 37 (2019).

After the COVID-19 foreclosure moratorium and motions to open judgment extended the law day to January 11, 2022, the Debtor filed her first Chapter 13 case on January 6, 2022. *In re Caldrello*, No. 22-20006 (JJT) (Bankr. D. Conn.). That case was dismissed for failure to make Chapter 13 plan payments on November 10, 2022. *Id.*, ECF No. 110. In that bankruptcy case, the Debtor commenced an adversary proceeding against Wells Fargo requesting this Court to void the note and mortgage underlying the foreclosure action. *Caldrello v. Wells Fargo Bank, N.A.*, No. 22-02007 (JJT), ECF No. 1 (Bankr. D. Conn. Feb. 17, 2022). Wells Fargo moved to dismiss, *id.*, ECF Nos. 11, 12, which the Court granted on May 27, 2022. *Id.*, ECF No. 26. In the corresponding Memorandum of Decision, the Court determined that the *Rooker–Feldman* doctrine, res judicata, and collateral estoppel precluded the Debtor from relitigating claims in this Court that she had lost in the state courts. *Id.*

2

Notwithstanding the Court's decision and order dismissing her Chapter 13 case, the Debtor moved to reopen her Chapter 13 case on August 14, 2023. *In re Caldrello*, No. 22-20006, ECF No. 118 (Bankr. D. Conn.). At the hearing on that motion, it became apparent that the Debtor merely wanted another chance to relitigate her claims against Wells Fargo. Accordingly, the Court denied the Motion to Reopen. *Id.*, ECF No. 126.[2] The Debtor made one more attempt in that bankruptcy case at reinstating her dismissed Chapter 13 case, *id.*, ECF No. 128, which the Court also denied. *Id.*, ECF No. 129. In the summary order denying reinstatement, the Court cautioned the Debtor:

> Given that it is evident that the Debtor is merely seeking to re-litigate, yet again, issues already decided by this Court and the Connecticut state courts, any future bankruptcy petitions or any further motions filed in this closed case may be subject to an order to show cause as to why sanctions should not issue, including but not limited to whether the Debtor should be barred from re-filing for bankruptcy protection.

*Id.*

The parties returned to the Superior Court, where Wells Fargo moved to reset the law day, No. KNL-CV-12-6014902-S, Dkt. No. 477.00 (Jan. 12, 2024), which was subsequently set to March 19, 2024. *Id.*, Dkt. No. 477.02 (Feb. 21, 2024). The Debtor, meanwhile, moved to open judgment, *id.*, Dkt. No. 478.00 (Jan. 19, 2024), attempted to allege a belated counterclaim, *id.*, Dkt. No. 488.00 (Feb. 14, 2024), moved to cite an additional party, *id.*, Dkt. No. 494.00 (Feb. 28, 2024), moved

---

[2] In that Memorandum of Decision, the Court stated: "All of these issues have been raised before, both here and in the Connecticut state courts. This Court has already decided on multiple occasions that it cannot afford the Debtor any relief regarding these issues. For the reasons expressed in those rulings, this Court cannot and will not revisit them." (footnotes omitted).

to dismiss, *id.*, Dkt. No. 499.00 (Mar. 13, 2024), moved for an articulation, *id.*, Dkt.

No. 500.00 (Mar. 13, 2024), moved to open the judgment and extend the law day,

*id.*, Dkt. No. 502.00 (Mar. 13, 2024), and moved for a continuance, *id.*, Dkt. No.

506.00 (Mar. 14, 2024). The Superior Court denied all of these requests. In denying

with prejudice the Debtor's motion to open judgment and extend the law day, the

Superior Court summed up the situation thusly:

> The Defendant continues to assert that [Wells Fargo] is not the holder of the subject note and mortgage, but that instead the note is owned by the Federal National Mortgage Association, commonly known as Fannie Mae. There has been no credible evidence submitted to support this assertion. The ownership of the subject not and mortgage was determined by Cosgrove, J. in his Memorandum of Decision on 5/5/16 on [Wells Fargo's] Motion for Summary Judgment. The judgment of the court was affirmed in Wells Fargo v. Caldrello, 192 Conn. App. 1 (2019) and the history of the ownership of the note was detailed at page 25 of that decision. Further, the case was remanded to this court for "the purpose of setting a new law day." Id., at 35. It was not remanded for any other purpose. A new law date has been set for 3/19/24, *and further orders of this court beyond setting a new law date would contravene the direction of the Appellate Court.*

*Id.*, Dkt. No. 502.01 (Mar. 15, 2024) (emphasis added).

The same day that the Superior Court denied all of the relief that the Debtor

sought, she filed the instant Chapter 13 case.[3] On March 28, 2024, the Debtor filed

various required documents, including her schedules and her proposed Chapter 13

plan. Relevant to the Court's analysis:

- The Debtor's Statement of Current Monthly Income shows that the Debtor

---

[3] The Debtor also filed an appeal to the Connecticut Appellate Court on March 20, 2024. *Id.*, Dkt. No. 510.00; *see also Wells Fargo Bank, N.A. v. Caldrello*, No. AC 47473 (Conn. App. Ct.). Additionally, the Debtor filed an action in the District Court against Wells Fargo and others. *Caldrello v. Wells Fargo Bank, N.A.*, No. 24-cv-00268-MPS, ECF No. 1 (D. Conn. Feb. 27, 2024). The Court takes judicial notice of all pending actions in the state courts and the District Court, along with the Debtor's prior bankruptcy case and adversary proceeding.

makes $200 per month (ECF No. 9).[4]

- In her schedules, the only debt the Debtor lists besides that owed to Wells Fargo is $7,006 owed for a credit card (ECF No. 8).

- Among her listed assets, the Debtor lists $3,000,000 for a counterclaim against Wells Fargo (ECF No. 8).

The Chapter 13 plan, meanwhile, proposes to pay $50 per month for 60 months, with that amount to be paid to Wells Fargo (ECF No. 10). The plan, however, does not list an amount to pay Wells Fargo per month for its secured claim.

## II.   Discussion

"The principal purpose of the Bankruptcy Code is to grant a fresh start to the honest but unfortunate debtor." *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 367 (2007). Upon a showing of cause, the Court may dismiss a Chapter 13 case. 11 U.S.C. § 1307(c). Included in this definition of cause is "unreasonable delay by the debtor that is prejudicial to creditors[.]" *Id.*, § 1307(c)(1). "Bankruptcy courts [also] routinely treat dismissal for prepetition bad-faith conduct as implicitly authorized by the words 'for cause,'" *Marrama*, 549 U.S. at 373.

In determining whether a debtor has pursued actions in a case that would warrant conversion or dismissal for lack of good faith, a court must review the totality of the circumstances. *In re Lin*, 499 B.R. 430, 435 (Bankr. S.D.N.Y. 2013); *see also In re Leavitt*, 171 F.3d 1219, 1224 (9th Cir. 1999). "The totality of the circumstances should take into consideration whether the debtor has abused the

---

[4] In her schedules, however, the Debtor lists monthly income of $909 based upon Social Security (ECF No. 8).

5

'provision, purpose or spirit' of the Bankruptcy Code and whether the filing is 'fundamentally fair' to creditors." *In re Armstrong*, 409 B.R. 629, 634 (Bankr. E.D.N.Y. 2009) (citing *In re Love*, 957 F.2d 1350, 1357 (7th Cir. 1992)). "Where a party calls into question a debtor's good faith and meets their initial burden of showing cause for dismissal, the burden shifts to the debtor to prove her good faith." *In re Ciarcia*, 578 B.R. 495, 500 (Bankr. D. Conn. 2017).

Here, the Debtor is not seeking a fresh start, but to relitigate matters decided here and in the state courts—all to thwart Wells Fargo's right to foreclose. "Although case law is legion that filing a bankruptcy petition to forestall a foreclosure sale is a permissible use of bankruptcy, the case must be undertaken pursuant to a legitimate effort at reorganization." *In re Turner*, 207 B.R. 373, 376 (B.A.P. 2d Cir. 1997) (cleaned up). That is not what the Debtor is doing, however, choosing to make the same claims over and over again in whatever forum she can, including her recently filed state court appeal and District Court action. The Debtor's schedules and statements make evident that she has no intention of doing otherwise. The Court thus finds that the Debtor has abused the Bankruptcy Code's provisions, purpose, and spirit in a way that is fundamentally unfair to Wells Fargo. The Court also finds that the Debtor has caused unreasonable delay that is prejudicial to Wells Fargo. Under the totally of the circumstances, it is abundantly apparent that the Debtor did not file the petition in good faith. Cause therefore exists to dismiss this case.[5]

---

[5] As noted by the Chapter 13 Trustee at the April 18, 2024 hearing, the Debtor is also not a debtor with regular income and thus does not qualify as a Chapter 13 debtor. *See* 11 U.S.C. § 109(e).

The burden then shifts to the Debtor to prove her good faith. Given the chance to explain her reasoning, the Debtor instead again presses her arguments that Wells Fargo cannot foreclose on her residence. At this stage, the Debtor's insistence on this line of argument is paradigmatic bad faith abuse of the bankruptcy process. The Court will accordingly dismiss this Chapter 13 case. The Court further determines that the Debtor's bad faith warrants a two-year bar to refiling for any bankruptcy protection in this or any other district in order to bar and deter the proliferation of abusive, redundant, and wasteful litigation proceedings. *See In re Casse*, 219 B.R. 657, 662 (Bankr. E.D.N.Y. 1998); *see also* 11 U.S.C. §§ 105(a) and 349(a).

III.    Conclusion

For the foregoing reasons, it is hereby ordered that:

(1)    This Chapter 13 case is dismissed for cause; and

(2)    The Debtor is barred, enjoined, and prohibited from filing for bankruptcy protection under any chapter of the Bankruptcy Code in this or any district for a period of (2) two years from the date of the entry of this order.

IT IS SO ORDERED at Hartford, Connecticut this 19th day of April 2024.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut